Turley, J.
delivered the opinion of the court.
These cases present a question of controversy between Robert I. Chester and John W. Cole, as- to the right to appropriate sixty acres of vacant land in the county of Madison. It appears, that the land had been entered by. warrant in 1820; but that the entry was vacated by a removal of the warrant subsequently, and "a location of it elsewhere.
On the 22d day of January, 1838, Cole filed in the entry taker’s office, a location for the land under the provisions of the act of 1837, ch. 1, which was filed by Carrington the entry taker, but not spread by him upon the géneral plan.
On the 26th of October, 1838, Chester tendered an entry upon a warrant for the same land, which; was refused by the entry-taker, and thereupon he filed his petition for a mandamus, to compel him to receive.it; which upon hearing, was refused by the court.
The question is, which has the right to. the land, Cole or Chester? Cole claims it by the right of- extension, under the act of 1837, as the owner, by deed, of a small tract of land adjoining the sixty acres of vacant land in controversy; this right is denied by Chester..
*436 The 2d section of the act provides, that “any person who, at the passage of the act, (viz: the 11th day of November, 1837,) was the owner by entry, grant, or deed of conveyance, of a small tract of land, of a less quantity than two hundred acres may enlarge the same to any quantity not exceeding two hundred acres.”
At the passage of the act, Cole was the owner by deed of the small tract adjoining this vacant land, as appears by his deed therefor, filed as evidence of the fact, and which we hold to be sufficient; he tendered his entry of extension, which the entry-taker, Carrington, says he did not receive, because the land appeared to have been appropriated by warrant in 1820; and that he had no evidence that the entry had been vacated. The entry in point of fact had been vacated: the land was vacant, and Cole had the legal right to appropriate the same under the act of 1837, But it is now argued, that though the entry had been vacated, yet Cole was not in possession of the proof of the fact, and that this was afterwards procured by Chester, and that he, and not Cole, is entitled to the benefit thereof. We do not think so. Cole’s right to make the extension rested upon the fact of vacancy, and not upon his knowledge of the proof thereof. The land being vacant, it was the duty of the entry-taker to have received his entry and spread it upon the general plan. And his not having done so, has not deprived Cole of his right, and substituted Chester in his stead. The fact that Cole is not the owner of two hundred acres of land, is sufficiently proven by the production of his deed for a less amount. That he is not the owner of more is a fact, from its nature incapable of being proved by him. If he be, it is easily susceptible of proof, by those who assert it; which must be made to exclude him from the benefit extended to him by the act of1837.
We, therefore, affirm the judgment of the Circuit Court, dismissing Chester’s petition, and direct a peremptory mandamus to the entry-taker, to receive and spread upon the general plan the entry of Cole.